IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

STEPHANIE RUFFIN                                                              PLAINTIFF

VS.                                                    CIVIL ACTION NO.  3:19-cv-23-FKB

ANDREW SAUL,[1] Commissioner
of Social Security Administration                                            DEFENDANT


## ORDER

### I.  Introduction

Stephanie Ruffin filed a claim for a period of disability and disability insurance benefits on January 7, 2016, and an application for supplemental security income on April 21, 2016.  [9] at 15.[2]  In both applications, she alleged disability beginning October 7, 2014.  *Id.*  After her application was denied initially and upon reconsideration, she requested and was granted a hearing before an administrative law judge (ALJ), which occurred on September 25, 2017.  *Id.* at 94-141.  On December 20, 2017, the ALJ issued a decision finding that Ruffin was not disabled. *Id.* at 15-35.  The Appeals Council denied review.  *Id.* at 1-3. Plaintiff now brings this appeal pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g) and has filed a Motion for Summary Judgment [11].  The parties have consented to proceed before the undersigned magistrate judge.  Fed. R. Civ. P. 73; 28 U.S.C. § 636(c).  Having considered the memoranda of the parties and the administrative record, the Court denies Plaintiff's Motion [11] and finds that the decision of the Commissioner should be affirmed.

---

[1] The government has responded that Andrew Saul is now the Commissioner of Social Security and should be automatically substituted as a party pursuant to Fed. Civ. P. 25(d).
[2] Citations are to the original pagination of the administrative record.

## II. Facts and Evidence

Ruffin was born on December 14, 1976, and was 41 years of age at the time of the ALJ's 2017 decision. *Id.* at 34.[3] She met the insured status requirements of the Social Security Act through December 31, 2016. *Id.* at 15. She completed the tenth grade and later attained a G.E.D. *Id.* at 106-107. Her past work experience includes employment as a pharmacy technician at Wal-Mart and certified nurse's aide at a private care home. *Id.* at 97-98.

In her application for benefits, she alleged that she was disabled because of lupus, hypothyroid, cervical "spondolosis"[sic], degenerative disk [sic] disease, high blood pressure, severe edema, bipolar, fibromyalgia, and migraines. *Id.* at 264. Ruffin is five feet, five inches tall. *Id.* In December 2015, she weighed 264 pounds, but she weighed 167 pounds as of September 2017. *Id.* at 459; 871. At the hearing, she testified that she lost weight because sores in her mouth prevented her from eating. *Id.* at 104.[4]

The records show that she received periodic treatment for mental health issues, rheumatoid arthritis, migraine headaches, and a variety of other conditions. She was admitted for inpatient mental health treatment in December 2015, March 2016, April 2016, and May 2016. *See id.* at 458; 616-628; 635-678. After her admissions, she was released, having shown improvement with treatment. She received treatment for migraines on several occasions, including botox injections, and reported that the injections provided some relief. *Id.* at 483-485,

---

[3] Ruffin previously filed applications for a period of disability, disability insurance benefits, and supplemental security income, which the Commissioner denied, and this Court affirmed. *See Ruffin v. Colvin*, No. 3:16cv18-DPJ-LRA, 2016 WL 11268859 (S.D. Miss. Dec. 29, 2016), *adopted*, 2017 WL 536549 (S.D. Miss. Feb. 8, 2017). In her prior applications, Ruffin alleged that she was disabled because of bulging discs, and she testified at the hearing regarding a "myriad of problems including lupus, rheumatoid arthritis and other ailments." *Ruffin*, 2016 WL 11268859 at *5 n.1. The ALJ found that she was not disabled through September 26, 2014. *Id.* at *1.

[4] In his opinion, the ALJ observed that a doctor prescribed Adipex, a drug that aids in weight loss, at Plaintiff's request. *Id.* at 30.

871-872, 878-879, 881-883, 885-887. She also reported that she took an over-the-counter treatment for migraines. *Id.* at 875. She sought regular treatment for joint pain from a rheumatologist, who prescribed various treatments and who noted that she had chronic pain syndrome. *See id.* at 492-502; 832-849. The sores in her mouth were initially considered to be a side effect of methotrexate, an arthritis treatment. *Id.* at 839-840. However, even after her doctor stopped the treatment, the sores periodically reappeared. *Id.* at 104.

At the September 2017 hearing, Ruffin testified concerning her impairments and daily activities. She testified that she experiences pain in her hands, back, neck, legs, and feet on a scale of 8 out of 10. *Id.* at 110-111. She testified that she only sleeps about three hours each night and takes naps for three to four hours during the day. *Id.* at 115-116. She related that her medications make her sleepy and nauseated, and that she falls two times per week. *Id.* at 117-118. She has sought mental health treatment because she loses her temper due to the pain, and she has trouble being around people. *Id.* at 120. She watches television to pass the time during the day, and if she doesn't feel good, she stays in bed all day. *Id.* at 122-124. She testified that she no longer cooks, that her daughter occasionally helps her get dressed, and that her daughter does the household chores. *Id.* at 125-130. She testified that in an eight-hour day, she will sit with her feet on the floor for two hours, elevate her feet for three hours, lie down for two hours, and stand for one hour. *Id.* at 131-132.

### III. The Decision of the ALJ

In evaluating Plaintiff's claim, the ALJ worked through the familiar sequential evaluation process for determining disability.[5] The ALJ found that Ruffin had the following severe

---

[5] In evaluating a disability claim, the ALJ is to engage in a five-step sequential process, making the following determinations:

impairments:  obesity, bipolar psychosis, anxiety, systemic lupus erythematosus/fibromyalgia, and chronic pain syndrome.  *Id.* at 17.  The ALJ concluded that she did not have any functional limitations due to hypothyroidism and hypertension.  *Id.* at 18.  He also specifically determined that "[n]o functional limitations were established in conjunction with any other conditions," thus Ruffin failed to establish the existence of any other "severe" impairments.  *Id.*  He also determined that she did not have an impairment or combination of impairments of Listing severity.  *Id.*  Along those lines, he considered her obesity, as well as any mental impairments under Listings 12.04 and 12.06, and concluded that she did not meet the criteria of those Listings.  *Id.* at 18-20.

After considering the record, the ALJ concluded that Ruffin has the residual functional capacity to perform sedentary work with certain exceptions.  *Id.* at 20.  He found that she can:

> lift/carry ten pounds occasionally and less than ten pounds frequently.  She can stand/walk for two hours in an eight-hour workday and sit for six hours in an eight-hour workday.  She must be able to alternate between sitting and standing at will.  She can occasionally climb ramps and stairs, but she cannot climb ladders, ropes and scaffolds.  She can occasionally stoop, kneel, crouch, and crawl.  She

---

(1)     whether the claimant is presently engaging in substantial gainful activity (if so, a finding of "not disabled" is made);

(2)     whether the claimant has a severe impairment (if not, a finding of "not disabled" is made);

(3)     whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Part 404, Subpart P, Appendix 1 (if so, then the claimant is found to be disabled);

(4)     whether the impairment prevents the claimant from doing past relevant work (if not, the claimant is found to be not disabled); and

(5)     whether the impairment prevents the claimant from performing any other substantial gainful activity (if so, the claimant is found to be disabled).

*See* 20 C.F.R. § 416.920.  The analysis ends at the point at which a finding of disability or non-disability is required. The burden to prove disability rests upon the claimant throughout the first four steps; if the claimant is successful in sustaining her burden through step four, the burden then shifts to the Commissioner at step five.  *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

can have no exposure to unprotected heights and occasional exposure to moving mechanical parts. She cannot operate a motor vehicle. The claimant is limited to simple, routine, repetitive tasks and cannot have a production rate (e.g. assembly line work). She is limited to simple work related decisions, use of judgment, and deal with work settings.

*Id.*

After discussing the medical evidence, the ALJ concluded that Ruffin's statements regarding the limiting effects of pain were not "entirely consistent with the medical evidence and other evidence in the record . . . ." *Id.* at 21. He reviewed her history of treatment for migraines and treatment by a rheumatologist. *Id.* at 23-31. The ALJ commented that the residual functional capacity accommodated her symptoms and "aggravating factors" by limiting her to sedentary work with certain limitations. *Id.* at 32.

The ALJ gave varying weights to the opinions of state agency consultants and treating therapists. *Id.* at 32-33. He accorded "limited weight" to the state agency reviewing consultants who found that Ruffin could perform light work because the evidence documented a more limited capacity. *Id.* at 32. The ALJ gave "partial weight" to her mental health therapist, Monica Fortner, because the severity of Ruffin's limitations, as determined by Fortner, was not consistent with the preponderance of the evidence. *Id.* He accorded "little weight" to the opinion of Noel Palmer, a nurse practitioner from Weems Community Mental Health Center, Meridian, Mississippi, because Palmer's assessment was not consistent with other treatment records. *Id.* at 33.

After consulting with a vocational expert at the hearing and noting that Ruffin is a "younger individual" with a "limited education," the ALJ identified three representative occupations that Ruffin can perform: a document preparer, a hand packager, and an inspector.

*Id.* at 34-35.  All three jobs are considered as unskilled and are performed at the sedentary level. *Id.*  Accordingly, the ALJ found that Ruffin was not disabled through the date of the opinion, December 20, 2017.  *Id.*

## IV. Standard of Review

This Court's review is limited to an inquiry into whether there is substantial evidence to support the Commissioner's findings, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971), and whether the correct legal standards were applied, 42 U.S.C. § 405(g) (2006).  *Accord Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). The Fifth Circuit has defined the "substantial evidence" standard as follows:

> Substantial evidence means more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It must do more than create a suspicion of the existence of the fact to be established, but "no substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence."

*Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).  In applying the substantial evidence standard, the Court must carefully examine the entire record, but must refrain from re-weighing the evidence or substituting its judgment for that of the Commissioner.  *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).  Conflicts in the evidence and credibility assessments are for the Commissioner and not for the courts to resolve.  *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995).  Hence, if the Commissioner's decision is supported by the evidence, and the proper legal standards were applied, the decision is conclusive and must be upheld by this Court.  *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994), *overruled on other grounds, Sims v. Apfel,* 530 U.S. 103 (2000).

## V. Issues for Review

Plaintiff argues that the ALJ's decision is not supported by substantial evidence and urges the following questions for review:

1. Did the ALJ properly evaluate Plaintiff's residual functional capacity by considering all of her vocationally significant impairments?

2. Did the ALJ properly consider opinion evidence in determining Plaintiff's residual functional capacity?

3. Did the Commissioner carry his burden of establishing the existence of work which the Plaintiff can perform?

The undersigned will discuss each argument, in turn.

### A. Did the ALJ properly evaluate Plaintiff's residual functional capacity?

Plaintiff argues that the ALJ failed to consider all of her limitations because he failed to find that Ruffin's migraine headaches and rheumatoid arthritis were severe impairments. She argues that the ALJ failed to incorporate the limitations brought about by these conditions into the residual functional capacity. Further, she argues that the ALJ failed to suggest limitations caused by his finding that she suffers from the severe impairment of chronic pain syndrome. Finally, she makes an argument, in passing, that the ALJ failed to employ the proper standard for evaluating the severity of conditions as set forth in *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985).

At step 2, the ALJ found that Ruffin's diagnoses of rheumatoid arthritis and migraines did not constitute severe impairments. He did find, however, that Plaintiff has the severe impairment of chronic pain syndrome. Plaintiff offers no evidence, other than conjecture, that the alleged conditions of rheumatoid arthritis and migraines resulted in additional work-related limitations beyond the limitations already set forth in the RFC determination limiting her to

sedentary work with certain restrictions, and which accounted for chronic pain. *See Kozlowski v. Colvin*, No. 4:13cv020-A, 2014 WL 948653 (N.D. Tex. Mar. 11, 2014). "The mere presence of some impairment is not disabling per se." *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). Moreover, the ALJ's failure to suggest specific limitations resulting from his finding that she suffers from "chronic pain syndrome" does not constitute error. *See Harper v. Colvin*, No. 3:14cv49-TSL-JCG, 2015 WL 898235, *4 (S.D. Miss. Mar. 3, 2015)(rejecting the argument that "an ALJ must assign a limitation for every impairment meeting the minimal, threshold definition of a severe impairment.").

Finally, Plaintiff argues that the ALJ used an improper severity standard that was at odds with *Stone*. Where the ALJ's written decision otherwise indicates that the ALJ applied the correct standard, or where the substantial rights of the plaintiff are not affected, the failure of the ALJ to track *Stone*'s precise language does not require remand. *See Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012). Because ALJ specifically stated that the record established no functional limitations in conjunction with any other conditions that he had not found to be "severe," [9] at 18, the ALJ properly applied the *Stone* standard. Accordingly, this issue does not provide the basis for reversal or remand.

## B. Did the ALJ properly consider medical opinion evidence?

Plaintiff argues that the ALJ failed to accord proper weight to the opinions of her treating mental health professionals. She asserts that the ALJ failed to follow proper guidelines to evaluate the opinions of her treating mental health therapist and treating mental health nurse practitioner. Specifically, she asserts that the ALJ failed to follow Social Security Ruling 06-03p, and the factors set forth in 20 C.F.R. §§ 404.1527, 416.927 to evaluate their opinions. She also argues that the ALJ failed to consider the opinion of the state agency medical consultants,

consistent with Social Security Ruling 83-19, as well as how those opinions squared with Plaintiff's reports of symptoms and the underlying medical evidence.

On April 6, 2016, Monica Fortner, a mental health therapist, completed a mental health questionnaire about Ruffin. [9] at 558-560. The ALJ gave Fortner's opinion "partial weight" because, overall, the opinion was not consistent with the findings of other treating sources. *Id.* at 32-33. Ruffin's treating mental health nurse practitioner, Noel Palmer, completed a questionnaire on May 9, 2016. *Id.* at 632-634. The ALJ gave Palmer's opinion "little weight" because the evidence did not support the severity of the Palmer's limitations, and Palmer relied "quite heavily on the subjective report of symptoms and limitations provided by the claimant," without questioning the truth of her reports. *Id.* at 33.

The undersigned has reviewed the medical record, the opinions at issue, and the ALJ's decision, and finds that these arguments do not provide a basis for reversal. Plaintiff relies on rescinded Social Security Ruling 06-3p to argue that the ALJ was required to analyze the opinions using the factors found in 20 C.F.R. § 404.1527. *See* 82 Fed. Reg. 15263, 2017 WL 1105348 (Mar. 27, 2017); *revised*, 82 Fed. Reg. 16869, 2017 WL 1245548 (Apr. 6, 2017) (noting rescission of Social Security Rulings (SSR) 96-2p, 96-5p, and 06-03p, effective March 27, 2017). Even so, the ALJ considered the specialty of the medical providers and the consistency of their opinions compared with the records as a whole. Moreover, the factors set forth in former § 404.1527 were standards by which the Commissioner would consider medical opinions from "physicians and psychologists or other acceptable medical sources" and not "other sources," such as a nurse practitioner or a therapist. *See Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). The ALJ noted, furthermore, that Palmer's opinion was based, in large part, on

information supplied by Plaintiff, rather than the nurse practitioner's observations of Ruffin.  A claimant's subjective complaints must be corroborated at least in part by objective medical testimony. *Harrell v. Bowen*, 862 F.2d 471, 481 (5th Cir. 1988).  Accordingly, the ALJ did not err in this regard.

Plaintiff also argues that the state agency physician opinions must be received into the record as "expert opinion evidence and given appropriate weight."  [12] at 11.  In this case, the ALJ gave the opinions of state agency reviewing consultants "little weight."  However, Plaintiff relies on another rescinded Social Security Ruling, SSR 83-19, as the basis for this argument. *See* SSR 91-7c, 1991 WL 231791 (Aug. 1, 1991).  This argument also fails to support Plaintiff's position because the state agency consultants found that Plaintiff could perform light work, whereas the ALJ found that Plaintiff could perform the less strenuous level of sedentary work, with some limitations.  "[T]he task of weighing the evidence is the province of the ALJ. Our job is merely to determine if there is substantial evidence in the record as a whole which supports the ALJ's decision." *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001).  Accordingly, the Court finds that the ALJ did not err on this basis.

### C.  Did the Commissioner carry his burden of establishing the existence of work which the Plaintiff can perform?

The ALJ identified three representative jobs that Ruffin can perform: a document preparer, hand packager, and an inspector.  [9] at 35. Plaintiff argues that the ALJ failed to establish the existence of work, in significant numbers, that she can perform because the jobs of document preparer and inspector require a high school education and reasoning at a level higher than Plaintiff's capabilities.  Plaintiff's education is classed as "limited," and the residual

functional capacity restricts her to "simple, routine, repetitive tasks" without a production rate. *Id.*

While Plaintiff finds fault with two of the jobs the ALJ identified based on vocational expert testimony, she did not find fault with the third job the ALJ identified: hand packager. Because the ALJ identified an uncontested job that Plaintiff could perform, the issues raised by Plaintiff in relation to the other jobs identified by the ALJ do not provide a basis for reversal or remand. *See, e.g., Hoelck v. Astrue*, 261 Fed. Appx. 683, 687 (5th Cir. 2008)(if ALJ identifies one job claimant can perform, errors as to other jobs identified by ALJ are harmless). "Moreover, as the Fifth Circuit observed in *Carey*, the [D.O.T.] job descriptions are not comprehensive and should not be given a role that is exclusive of the Vocational Expert's testimony as to whether a particular claimant can perform a particular job." *Abel v. Astrue*, No. 3:19cv327-TSL-FKB, 2011 WL 1099890 at *7 (S.D. Miss. Mar. 2, 2011). Accordingly, substantial evidence supports the ALJ's decision, and this argument does not provide a basis for reversal or remand.

## VI. Conclusion

Accordingly, the undersigned concludes that the ALJ's decision was supported by substantial evidence and that no reversible error was committed. Therefore, the undersigned recommends that Plaintiff's Motion for Summary Judgment [11] be denied, and that the decision of the Commission be affirmed.

SO ORDERED, this the 26th day of February, 2020.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE